## Case No. 1,805a.

### BRAMHALL v. SHALER.

[Betts' Scr. Bk. 181.]

District Court, S. D. New York. Oct. 22, 1850.

SHIPPING—CHARTER PARTY—BREACH BY CHARTERER.

[Where by a charter party one-half the charter money is to be paid by the consignees at the place of destination, and the consignees refuse to accept the consignment, the charter party is violated, and a right of action accrues to the owner of the vessel.]

[In admiralty. Libel in personam by David P. Bramhall, owner of the barque Eliza Barss, against Thomas Shaler, Jr., for breach of a charter party. Decree for libellant.]

In this case the barque Eliza Barss, owned by the libellant, was chartered for a voyage to New Orleans and back, at a fixed valuation of $2,700, one-half of the chartered money to have been paid at New Orleans, by the consignees, and the other half to have been paid in New York on the return cargo. The charter party was admitted to have been executed. The voyage out was duly performed, the vessel having arrived safe and well conditioned, with her cargo, consigned to Messrs. Toby and Nephews. The letter of advice from the shippers was delivered by the master to the consignees, who refused to accept the consignment, or to act under the charter, from Thomas Shaler, Jr. The master then consigned the cargo, under his general powers, to the same house, and the cargo was discharged; the house collecting the freight, and the avails were paid over to the captain. A home cargo was obtained by the master and brought to New York, the avails of which also were placed to the credit of the voyage. The libel seeks to recover $502, as the balance of the freight money due on the voyage, on the ground that the contract of affreightment was broken at New Orleans, when the consignee refused to act under the charter party, and consequently the master was left to himself to do the best he could. On the other side it was insisted that when the vessel arrived the master refused to discharge the cargo unless the consignees would accept a draft for the one-half of the $2,700, or agree to pay the same whenever the ship would be discharged, as a condition precedent.

JUDSON, District Judge. The proof is clear to my mind that there was no such condition affixed to the delivery of the cargo at New Orleans, but that upon the arrival of the ship the consignees, for want of funds

of Shaler in their hands, rejected the charter and wholly refused to act as consignees of the cargo, under Shaler. When a shipper consigns the cargo to a particular house, and the house refuses to act, the charter party is violated, legally broken, and a right of action accrues to the owner of the vessel. That is this case, and unless the parties can agree on the rule of damages, a reference must be decreed to ascertain the just amount of damages.